**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
Nicholas K. Lagemann
1300 Mount Kemble Avenue
Morristown, New Jersey 07962
(973) 425-8210
NLagemann@mdmc-law.com

**SIDLEY AUSTIN LLP**
Jacquelyn Fradette (*pro hac vice*)
Alan Charles Raul (*pro hac vice*)
1501 K Street, NW
Washington, District of Columbia 20005
(202) 736-8822
jfradette@sidley.com
araul@sidley.com

*Attorneys for Defendants MyHeritage Ltd. and MyHeritage (USA), Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ATLAS DATA PRIVACY CORP., JANE DOE-1, JANE DOE-2, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, and WILLIAM SULLIVAN<br><br>*Plaintiffs*,<br><br>v.<br><br>MYHERITAGE LTD., MYHERITAGE (USA), INC., RICHARD ROES 1-10, *fictitious names of unknown individuals*, and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>*Defendant*. | Civil Action No. 24-cv-4392 (HB) |

### THE MYHERITAGE DEFENDANTS'
### SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO
### PLAINTIFFS' CONSOLIDATED MOTION TO REMAND

## TABLE OF CONTENTS

TABLE OF CONTENTS....................................................................................................ii

TABLE OF AUTHORITIES .......................................................................................... iii

INTRODUCTION ............................................................................................................ 1

BACKGROUND ............................................................................................................... 3

    I.    There Is No Connection Between Plaintiffs' Allegations and MyHeritage (USA), Inc..... 3

    II.    MyHeritage Ltd. Is Completely Diverse from Plaintiffs; MyHeritage (USA), Inc. and Atlas Data Privacy Corp Are Each Incorporated in Delaware. ................................................. 5

    III.    The MyHeritage Defendants Remove the Case On Various Grounds, including Fraudulent Joinder, and Plaintiffs File a Motion to Remand..................................................... 5

ARGUMENT .................................................................................................................... 6

    IV.    There Is Complete Diversity Because MyHeritage (USA) Inc. Was "Fraudulently Joined." ............................................................................................................................... 6

CONCLUSION .............................................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abels v. State Farm Fire & Cas. Co.*,
  770 F.2d 26 (3d Cir. 1985)......................................................................... *passim*

*Batoff v. State Farm Ins. Co.*,
  977 F.2d 848 (3d Cir. 1992)....................................................................................2

*Becker v. Farmington Cas. Co.*,
  Civil Action No. 1:08-CV-2228, 2009 WL 1845221 (M.D. Pa. June 25, 2009)......................9

*In re Briscoe*,
  448 F.3d 201 (3d Cir. 2006)........................................................................ *passim*

*In re Diet Drugs*,
  220 F. Supp. 2d 414 (E.D. Pa. 2002) ...................................................................7

*Faucett v. Ingersoll-Rand Mining & Mach. Co.*,
  960 F.2d 653 (7th Cir. 1992) ...............................................................................7

*Hannah v. Johnson & Johnson Inc.*,
  Civil Action No. 18-1422 (FLW), 2020 WL 3497010 (D.N.J. June 29, 2020)......................8

*Keystone Sports & Ent. LLC v. Fed. Ins. Co.*,
  Civil Action No. 21-609, 2021 WL 5789021 (E.D. Pa. Dec. 7, 2021)...................................6

*Lopez v. Home Depot, Inc.*,
  Civil Action No. 08-1020, 2008 WL 2856393 (E.D. Pa. July 22, 2008)................................6

*Mayes v. Rapoport*,
  198 F.3d 457 (4th Cir. 1999) ..................................................................3, 7, 10

*Reeser v. NGK Metals Corp.*,
  247 F. Supp. 2d 626 (E.D. Pa. 2003) (Bartle, J.) .................................................8

*Reid v. Albizem*,
  Civil Action No. 13-4448, 2014 WL 2915883 (E.D. Pa. June 25, 2014)...............................9

*Smoot v. Chicago, R.I. & P. R. Co.*,
  378 F.2d 879 (10th Cir. 1967) .............................................................................7

*Spring-Ford Area Sch. Dist. v. Genesis Ins. Co.*,
  158 F. Supp. 2d 476 (E.D. Pa. 2001) ...................................................................9

*Susman v. Goodyear Tire & Rubber Co.*,
   Civil Action No. 17-3521, 2018 WL 1243733 (E.D. Pa. Mar. 9, 2018)...........................7, 9

*Weaver v. Conrail, Inc.*,
   Civil Action No. 09-cv-5592, 2010 WL 2773382 (E.D. Pa. July 13, 2010) .......................7, 8

**Statutes**

28 U.S.C. § 1332 ................................................................................................................5

28 U.S.C. § 1441 ................................................................................................................5

28 U.S.C. § 1446(c)(2)........................................................................................................5

Daniel's Law ............................................................................................... *passim*

N.J.S.A. 56:8-166.1.........................................................................................................3, 4

**Other Authorities**

F.R.C.P 12(b)(2) ................................................................................................................1

14C Wright & Miller, Federal Practice and Procedure § 3723.1 ....................................9

Defendants MyHeritage Ltd. and MyHeritage (USA), Inc. (the "MyHeritage Defendants") submit this individual supplemental memorandum in opposition to Plaintiffs' consolidated Motion to Remand.  The MyHeritage Defendants join the consolidated opposition filed September 9, 2024, in *Atlas Data Privacy Corporation, et al. v. Carco Group Inc., Intellicorp Records, Inc., et al.*, Case No. 1:24-cv-04077-HB, Dkt. 53 ("Consolidated Brief in Opposition to Plaintiffs' Consolidated Motion to Remand"), because they concur that this case is properly in federal court on the grounds raised and defended by the majority of defendants subject to remand motions.

This individual supplemental opposition focuses on a separate fact-bound issue that only affects the MyHeritage Defendants—namely, whether MyHeritage (USA), Inc. was fraudulently joined and thus this case is properly in federal court once MyHeritage (USA), Inc. is dismissed, and its citizenship disregarded.[1]

## INTRODUCTION

"The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d 201, 215–16 (3d Cir. 2006).  According to the Third Circuit, "joinder is fraudulent if 'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, *or* no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'"  *Id.* (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)) (emphasis added).

Here, joinder is fraudulent because "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant."  *Id.*  Plaintiffs allege that information

---

[1] In filing this opposition, Defendants do not concede or waive their argument that this Court lacks personal jurisdiction over Defendants.  Defendants plan to raise this argument at the appropriate time during this Court's schedule for raising a Rule 12(b)(2) Motion to Dismiss.

protected by Daniel's Law remained disclosed on myheritage.com more than 10 days after persons covered by the law ("Covered Persons") sent removal requests to privacy@myheritage.com. But MyHeritage (USA), Inc. does not own, control, or operate myheritage.com, nor do its employees have access to or interact with the privacy@myheritage.com email box to which the Covered Persons allegedly sent their removal requests. These facts are easily shown through a sworn declaration by a high-level employee at MyHeritage (USA), Inc.

The MyHeritage Defendants explained these facts in their Notice of Removal, *see* Dkt. 1 ("NOR") ¶¶ 28–34, yet Plaintiffs barely address them in their opposition to removal, and do not dispute the underlying facts—namely that MyHeritage (USA) has no connection to this case. Instead, tucked in a footnote in their consolidated Motion to Remand, all Plaintiffs say in response is that the fraudulent joinder argument fails because the doctrine is "only applicable if party was joined for the purpose of defeating jurisdiction." Dkt. 20 ("Mot. to Remand") at 12-13 n.5 (citing *In re Briscoe*, 448 F.3d at 216). But even a cursory read of the very Third Circuit opinion they cite reveals that unadorned assertion to be just plain wrong. Motive is unnecessary to the inquiry. Rather, the Circuit explained that courts can look at "objective criteria," including facts beyond the complaint provided by defendant, and disregard a defendant's citizenship where "there is no reasonable basis in fact or colorable ground supporting the claim against" it. *In re Briscoe*, 448 F.3d at 217 (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)). Plaintiffs say nothing about the "objective criteria" the MyHeritage Defendants described in their Notice of Removal, showing MyHeritage (USA), Inc.'s complete disconnect from the allegations in the complaint. And now (as promised, *see* NOR at 12 n.5), defendants have provided an affidavit from a high-level employee at MyHeritage (USA), Inc. detailing the

complete lack of connection to this case.  Accordingly, the Court should find that MyHeritage (USA), Inc.'s joinder was fraudulent, "'disregard, for jurisdictional purposes, [its] citizenship . . . , assume jurisdiction over [the] case, dismiss the nondiverse defendant[], and thereby retain jurisdiction.'"  *Id.* (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)).

## BACKGROUND

### I.    There Is No Connection Between Plaintiffs' Allegations and MyHeritage (USA), Inc.

On February 7, 2024, Atlas and several individual plaintiffs ("Individual Plaintiffs") brought this case against the MyHeritage Defendants and dozens of other similar cases alleging violations of Daniel's Law.  Daniel's law provides for liability against "a person, business, or association" that continues to "disclose" protected information after "10 business days following receipt" of a "notification" from an "authorized person" that the person is "requesting that the [business] cease the disclosure . . . and remove the protected information from the Internet." N.J.S.A. 56:8-166.1(a)(1)-(2), (b).

One website—myheritage.com—and one email address—privacy@myheritage.com— form the basis of Plaintiffs' claims against the MyHeritage Defendants.  Plaintiffs allege that myheritage.com disclosed protected information about persons covered by Daniel's Law, Compl. ¶¶ 39–40, that the Individual Plaintiffs and Atlas' purported assignors sent removal requests to privacy@myheritage.com, Compl. ¶ 52, and that the information was not removed in the 10-day period allotted by the statute, Compl. ¶¶ 51, 59.  The only allegation Plaintiffs aim directly against MyHeritage (USA), Inc. is that it "is an entity that discloses or re-discloses on the Internet or otherwise makes available the home addresses and/or unpublished home telephone numbers of covered persons."  Compl. ¶ 37.

MyHeritage Ltd. owns and operates myheritage.com and controls the email box for privacy@myheritage.com.  *See* https://www.myheritage.com/terms-and-conditions (noting that the site is "owned and operated by MyHeritage Ltd.").[2]  Conversely, as Michael Stangel, the General Manager of geni.com for MyHeritage (USA), Inc. explains in a sworn declaration, MyHeritage (USA), Inc. does not "control, have access to, or otherwise interact with privacy@myheritage.com," the email domain to which the Covered Persons allegedly sent removal requests.  Declaration of Michael Stangel ("Stangel Decl."), Ex. A ¶ 9.  Thus, MyHeritage (USA), Inc. could not (and did not) "receive" any written notification required by Daniel's Law that was sent to that address.  N.J.S.A. 56:8-166.1(a)(1).  Mr. Stangel also explains that MyHeritage (USA), Inc. does not "own, control, or otherwise operate" myheritage.com, does not "have a role in deciding what information is available" on myheritage.com, and does not have the ability to "remove any information" from that website.  Stangel Decl., Ex A ¶¶ 6, 8.  Thus, MyHeritage (USA), Inc. could not (and did not) "disclose" the protected information about covered persons allegedly posted on myheritage.com, nor did it have the ability to "remove" such information from that site.  *See* N.J.S.A. 56:8-166.1(a)(1)–(2).

MyHeritage (USA), Inc. instead operates a separate website, geni.com, which receives removal requests at the domain privacy@geni.com.  Stangel Decl., Ex. A ¶ 6.  The Complaint says nothing about geni.com:  Plaintiffs do not make any allegations about information posted on geni.com, and they do not allege that any removal requests were sent to privacy@geni.com.  In other words, the Complaint fails to offer a single connection between MyHeritage (USA), Inc. and the alleged violations of Daniel's Law.

---

[2] *Compare* https://www.geni.com/company/terms_of_use (noting MyHeritage (USA), Inc. as its operator).

II.     **MyHeritage Ltd. Is Completely Diverse from Plaintiffs; MyHeritage (USA), Inc. and Atlas Data Privacy Corp Are Each Incorporated in Delaware.**

Atlas is incorporated in Delaware and has its principal place of business in New Jersey. Compl. ¶ 24.  It is thus a citizen of Delaware and New Jersey for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).  The Individual Plaintiffs are all residents of New Jersey.  Mot. to Remand at 14.  MyHeritage Ltd. is incorporated in and has its principal place of business in Israel.  NOR ¶ 23.  These properly joined parties are completely diverse.  MyHeritage (USA), Inc., however, is incorporated in Delaware and has its principal place of business in Israel.  *Id*.  Because of its incorporation in Delaware, MyHeritage (USA), Inc. is not diverse from Atlas.

III.    **The MyHeritage Defendants Remove the Case On Various Grounds, including Fraudulent Joinder, and Plaintiffs File a Motion to Remand.**

On March 29, 2024, the MyHeritage Defendants filed a timely Notice of Removal to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.  NOR ¶ 26.  The Notice explained why this Court has subject-matter jurisdiction: the properly joined parties are completely diverse from each other and the amount in controversy for at least one plaintiff, Atlas, exceeds $75,000.  NOR ¶ 26.  *See also* 28 U.S.C. §§ 1332(a), 1446(c)(2).  It explained that MyHeritage (USA), Inc.'s citizenship should be disregarded because there is no colorable claim against it.  NOR ¶¶ 28–34.

Plaintiffs filed a consolidated Motion to Remand that focused primarily on the grounds for removal that cut across the vast majority of defendants facing remand, collusion and the Class Action Fairness Act ("CAFA").  Mot. to Remand 13–30.[3]  They responded to MyHeritage's individual fraudulent joinder ground in a single footnote, only contending that the

---

[3] The consolidated opposition to remand, which the MyHeritage Defendants join in full, responds to Plaintiffs' arguments on these more universal grounds. *See* Consolidated Brief in Opposition to Plaintiffs' Consolidated Motion to Remand at 17-51.

doctrine is "only applicable if [the] party was joined for the purpose of defeating jurisdiction." Mot. to Remand at 12–13 n.5.

## ARGUMENT

### IV.  There Is Complete Diversity Because MyHeritage (USA) Inc. Was "Fraudulently Joined."

MyHeritage (USA), Inc. was fraudulently joined because "there is no reasonable basis in fact or colorable ground supporting the claim against" it. *In re Briscoe*, 448 F.3d at 217 (quoting *Batoff*, 977 F.2d at 851). Plaintiffs' motive, though a potential separate route to finding joinder was fraudulent, is not necessary to disregard the citizenship of a defendant unconnected to the allegations in a complaint. *Id.* at 216 ("[J]oinder is fraudulent if 'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, *or* no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" (quoting *Abels*, 770 F.2d at 32) (emphasis added)); *see also Keystone Sports & Ent. LLC v. Fed. Ins. Co.*, Civil Action No. 21-609, 2021 WL 5789021, at *2 (E.D. Pa. Dec. 7, 2021) ("'Fraudulent joinder' is a term of art—a demonstration of outright fraud or bad faith is not necessary to render a party fraudulently joined." (quoting *Lopez v. Home Depot, Inc.*, Civil Action No. 08-1020, 2008 WL 2856393, at *2 (E.D. Pa. July 22, 2008)). For the first species of fraudulent joinder, the court need only consider "*objective* criteria" to determine whether there is "some reasonable basis in fact and some colorable legal ground supporting a claim." *In re Briscoe*, 448 F.3d at 219 (quoting *Abels*, 770 F.2d at 32) (emphasis added). The objective facts here—that MyHeritage (USA), Inc. does not "own, control, or otherwise operate" the website and email box alleged in the complaint as the instruments of the supposed Daniel's Law violations—reveal that MyHeritage (USA), Inc. was fraudulently joined. Accordingly, "the court can 'disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over

6

a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Id.* at 216 (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)).

　　To determine whether a non-diverse defendant is fraudulently joined, the court "must 'look beyond the face of the complaint for indicia of fraudulent joinder.'" *In re Briscoe*, 448 F.3d at 218 (quoting *Abels*, 770 F.2d at 29). Courts need not "blindly accept whatever plaintiffs may say." *In re Diet Drugs*, 220 F. Supp. 2d 414, 420 (E.D. Pa. 2002). Instead, the district court should consider "reliable evidence that the defendant may proffer to support the removal." *In re Briscoe*, 448 F.3d at 220. For example, as relevant here, courts regularly use defendants' affidavits to assess the sufficiency of complaints in the face of fraudulent joinder claims that, as with the claim here, assert a defendant's total separation from the allegations in a complaint. *See, e.g.*, *Susman v. Goodyear Tire & Rubber Co.*, Civil Action No. 17-3521, 2018 WL 1243733, at *5, *7 (E.D. Pa. Mar. 9, 2018) (finding fraudulent joinder because the defendant's affidavit was "unequivocal evidence" that demonstrated its lack of connection with the tortious conduct alleged in a complaint); *Weaver v. Conrail, Inc.*, Civil Action No. 09-cv-5592, 2010 WL 2773382, at *9 (E.D. Pa. July 13, 2010) (finding fraudulent joinder where defendants' affidavit helped to establish that the defendant did not "own, operate, maintain or control the railroad tracks where Plaintiff was injured at the time of [the] accident"); *Faucett v. Ingersoll-Rand Mining & Mach. Co.*, 960 F.2d 653, 655 (7th Cir. 1992) (finding an uncontradicted affidavit "sufficient to establish fraudulent joinder"); *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) (finding that it was proper for the district court to have considered a defendant's affidavit that established the non-diverse defendant's lack of connection to the allegations). Doing so is proper because "[s]uch a limited look outside the pleadings does not

risk crossing the line between a proper threshold jurisdictional inquiry and an improper decision

on the merits." *In re Briscoe*, 448 F.3d at 220.

Defendants' declaration shows that MyHeritage (USA), Inc. has no connection or contact

with the website or email address that form the basis for Plaintiffs' cause of action. *See* Stangel

Decl., Ex. A ¶ 6–9.  The General Manager of the website run by MyHeritage (USA), Inc.,

Michael Stangel, explained in a sworn declaration that MyHeritage (USA), Inc. does not "own,

control, or otherwise operate" myheritage.com, does not "have a role in deciding what

information is available" on myheritage.com, does not have the ability to "remove any

information" from that website, and does not "control, have access to, or otherwise interact with

privacy@myheritage.com." *Id.*  Instead, MyHeritage (USA), Inc. runs a wholly different

website, geni.com, not mentioned anywhere in the Complaint. *Id.* ¶ 6.  These facts completely

disconnect MyHeritage (USA), Inc. from the causes of action alleged in the Complaint, which

are all focused on myheritage.com and privacy@myheritage.com. *See, e.g.*, *Hannah v. Johnson

& Johnson Inc.*, Civil Action No. 18-1422 (FLW), 2020 WL 3497010, at *14 (D.N.J. June 29,

2020) ("[T]here is 'no better admission of fraudulent joinder' than the failure of a plaintiff 'to set

forth any specific factual allegations' against a defendant." (quoting *Lyons v. Amer. Tobacco

Co., Inc.*, No. 96-881, 1997 WL 809677, at *5 (S.D. Ala. Sept. 30, 1997))).  Where, as here, the

inclusion of a defendant is based on "merely conclusory" allegations, such joinder is fraudulent,

and the defendant should be dismissed. *Reeser v. NGK Metals Corp.*, 247 F. Supp. 2d 626, 631

(E.D. Pa. 2003) (Bartle, J.).

Given these undisputed facts, it is plain that "there is no reasonable basis in fact or

colorable ground supporting the claim against" MyHeritage (USA), Inc. *In re Briscoe*, 448 F.3d

at 217; *see also Weaver*, 2010 WL 2773382, at *9 (similarly finding fraudulent joinder where

defendants' affidavit showed that it did not "own, operate, maintain or control the railroad tracks where Plaintiff was injured at the time of [the] accident"). Accordingly, its citizenship should "not be considered in determining whether this Court has diversity jurisdiction." *Susman*, 2018 WL 1243733, at *7.

Plaintiffs' perfunctory argument to the contrary relies solely on its assertion that fraudulent joinder is only applicable if a "party was joined for the purpose of defeating jurisdiction." Mot. to Remand at 12-13 n.5. But "the plaintiff's intention that the joinder of a particular party . . . should defeat federal subject-matter jurisdiction is immaterial to the propriety of the removal" in most instances.[4] 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3723.1 (Rev. 4th ed.); *see also Reid v. Albizem*, Civil Action No. 13-4448, 2014 WL 2915883, at *3 (E.D. Pa. June 25, 2014) ("A plaintiff's subjective motive for suing a non-diverse defendant, even if that motive is a desire to defeat removal, is not relevant to the inquiry of fraudulent joinder." (citing *Abels*, 770 F.2d at 32)); *Becker v. Farmington Cas. Co.*, Civil Action No. 1:08-CV-2228, 2009 WL 1845221, at *2 n.2 (M.D. Pa. June 25, 2009) ("Fraudulent joinder is a term of art that utilizes an objective inquiry and does not require the presence of actual fraud or improper motive." (citing *Spring-Ford Area Sch. Dist. v. Genesis Ins. Co.*, 158 F. Supp. 2d, 476, 484 n.3 (E.D. Pa. 2001)). Instead, as explained above, the very case cited by Atlas explains that "joinder is fraudulent if 'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, *or* no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" *In re Briscoe*, 448

---

[4] The only exceptions are when joinder is "merely colorable or made in bad faith." 14C Wright & Miller, Federal Practice and Procedure § 3723.1 (Rev. 4th ed.). Neither applies here: There is no colorable claim against MyHeritage (USA), Inc., and defendants do not rely on claims of bad faith joinder by Plaintiffs.

F.3d at 216 (quoting *Abels*, 770 F.2d at 32) (emphasis added).  The second path to fraudulent

joinder is a subjective inquiry into the plaintiffs' motives, but the first is an "objective" inquiry.

*Id.* at 219.  The Third Circuit explained the two-step process a fraudulent joinder inquiry can take

by walking through the analysis a previous panel had conducted in *Abels*.  *Id.*  In *Abels*, the court

first "'look[ed] beyond' the allegations and found that, at least subjectively, the '[p]laintiffs'

conduct . . . [was] consistent with an intention to actually proceed against at least some Doe

defendants.'"  *Id.* (quoting *Abels*, 770 F.2d at 32) (emphasis added) (alterations in original).  But

it did not stop there, as Plaintiffs would suggest.  Rather, the court went on to consider whether

"*objective* criteria" revealed "some reasonable basis in fact and some colorable legal ground

supporting a claim against" defendants.  *Id.* (quoting *Abels*, 770 F.2d at 32) (emphasis added).  In

*Abels*, though "troubled," the panel found there was a colorable ground; in *In re Briscoe*, the

Circuit found that there was not.  This case is like *In re Briscoe* in that there is no basis in fact or

colorable ground supporting a claim against the non-diverse defendant.  In any event, Plaintiffs'

motive in joining MyHeritage (USA), Inc. is irrelevant here, where the MyHeritage Defendants

only contend there is no reasonable basis in fact or colorable ground supporting the claim against

it.  MyHeritage (USA), Inc. should, thus, be dismissed and its citizenship disregarded.  *Id.* at 216

(holding that the remedy for fraudulent joinder is to "disregard, for jurisdictional purposes, the

citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the

nondiverse defendants, and thereby retain jurisdiction" (quoting *Mayes*, 198 F.3d at 461)).

## CONCLUSION

For the foregoing reasons, the Court should dismiss MyHeritage (USA), Inc. and deny

Plaintiffs' Motion to Remand.

Dated: September 16, 2024
Jacquelyn Fradette (*pro hac vice*)
Alan Charles Raul (*pro hac vice*)
1501 K Street, NW
Washington, District of Columbia 20005
(202) 736-8822
jfradette@sidley.com
araul@sidley.com
*Attorneys for Defendants MyHeritage Ltd.*
*and MyHeritage (USA), Inc.*

By:    /s/ Nicholas K. Lagemann
      Nicholas K. Lagemann
      McElroy, Deutsch, Mulvaney, &
      Carpenter, LLP
      1300 Mount Kemble Avenue
      Morristown, NJ 07962
      Tel: (973) 425-8210
      NLagemann@mdmc-law.com
      *Attorney for Defendants MyHeritage Ltd.*
      *and MyHeritage (USA), Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing Supplemental Memorandum of Law in Opposition to Plaintiffs' Consolidated Motion to Remand was served on the following counsel of record using the CM/ECF system and via email on September 16, 2024:

PEM Law LLC
Rajiv D. Parikh
Kathleen Barnett Einhorn
1 Boland Drive, Suite 101
West Orange, NJ 07052
Telephone:    973-577-5500

    -and-

MORGAN & MORGAN
John A. Yanchunis
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone:    813-223-5505

                    By:   /s/ Nicholas K. Lagemann